CLARENCE H. FAY and Another, as Substituted Trustees under the Last Will and Testament of JOHN CROMWELL, Respondents, *v.* ANNE F. MOEHLENPAH, Appellant.*

Judgment affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Untermyer, JJ.; Finch, P. J., and Martin, J., dissent and vote for modification. Dissenting opinion by Finch, P. J.

FINCH, P. J. (dissenting). This is an appeal by defendant from a judgment dismissing her defense and counterclaim upon the merits after a separate trial at Special Term of the issues involved thereby in advance of the trial of the action. Plaintiffs, as trustees, are suing the defendant to recover a broker's commission paid to her for procuring the sale of a parcel of real property in the trust estate upon the ground that the defendant concealed the fact that she was purchasing the property herself as principal. The defendant sets up a defense and counterclaim which alleges that the law firm of which one of the trustees was a member acted as attorneys both for the trustees and for the defendant and persuaded the defendant, who concededly had been employed as broker to sell the property, to purchase the property herself as a dummy or conduit in order that complications which would ensue in the event of the death of the life beneficiary, who at the time was seriously ill, would not arise before the consummation of the sale to the purchaser which the defendant had procured. The defendant further alleges that the resale by her to the client whom she had procured fell through because of a defect in the title of the property which the lawyer-trustee and his partner, acting as attorneys for defendant, assured her was of no moment and did not render the title defective, the result being that defendant was left holding the parcel of property in question, as owner, together with leases on two other adjoining parcels which she had acquired in order to render the original plot available for the purpose for which it was intended to be used, namely, a storage warehouse. Subsequently the trustees foreclosed the purchase-money mortgage given by the defendant in connection with the purchase of the property owned by the estate because of non-payment of taxes and interest, and obtained a deficiency judgment against the defendant. Defendant now seeks a rescission

* Appeal dismissed, 267 N. Y. ——.

of the sale and a recovery of damages sustained by her in the matter, upon the ground that a relationship of trust and confidence existed between the parties by the fact that one of the trustees and the attorneys for the trustees acted as attorneys for the defendant and that advantage had been taken by the trustees of this situation. The defense and counterclaim was first tried as an equitable issue, leaving untouched the issues involved by the complaint, and was dismissed by the court as against the trustees as such, the court stating it was without prejudice to any action which defendant might have against the attorneys individually for negligence and false representations. The court, however, made findings of fact and conclusions of law determining on the merits all the issues in favor of plaintiffs. The decision at Special Term was arrived at upon the express ground that the defendant had ratified the sale to her of the property in question, and this is clearly sustained by the record, it appearing that defendant recognized and adopted the sale down to and through the foreclosure of mortgage action, seeking and obtaining extensions of time within which to meet the payments required of her. The court, therefore, was clearly right in dismissing the counterclaim against the trustees. The evidence clearly shows, however, that the trustees knew that the defendant was acting as a dummy purchaser, although whether she was doing so at the instance of the trustees or at the instance of her own purchaser is not clear. Assuming, however, that she was acting on behalf of her own purchaser in taking title, it was the understanding of all that she was really a broker, and not a principal, and taking title only as a conduit to the real purchaser. This is shown clearly by the testimony of Rubin. It was only the unexpected refusal of defendant's client to take title that forced defendant into the role of purchaser. At least this would seem the construction most favorable to the plaintiffs. The plaintiffs, attorneys, concededly represented the defendant as her attorneys in connection with the acquisition by her of the leases of the adjoining property and are suing her for $10,000 for such services. While not constituting a counterclaim, therefore, the facts may constitute a good defense. The order should be modified so as to dismiss the counterclaim solely as a matter of law upon the ground that, having affirmed the purchase, the counterclaim to disaffirm the purchase as against the trustees as such does not lie, leaving open the issues of fact involved by the counterclaim to be tried as a defense in the plaintiffs' action. Martin, J., concurs.